UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES EBERHEART,** | ) | |
| | ) | **No.** |
|   Plaintiff, | ) | |
| | ) | **Judge** |
|   v. | ) | |
| | ) | **Magistrate Judge** |
| **Chicago Police Officers L. GUAJARDO, #7725,** | ) | |
| **S. BOSY, #15217 and MICHAEL MARTIN #16455,** | ) | |
| **and CITY OF CHICAGO** | ) | **Jury Demand** |
| | ) | |
|   **Defendants.** | ) | |

## COMPLAINT

1. James Eberheart was falsely arrested by Chicago police officers after participating in a community cleanup program on the South Side of Chicago. The actions of the Chicago Police were in violation of Plaintiff's constitutional right to free speech and assembly and right to be free from unreasonable searches and seizures guaranteed by the First and Fourth Amendments to the U.S. Constitution. Plaintiff Eberheart seeks just compensation for the pain and suffering, mental anguish, humiliation, loss of personal freedom, and other damages he suffered as a result of this violation of his rights.

## JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 § 1983; the judicial code, 28 U.S. §§ 1331 and 1343(a); and the Constitution of the United States.

3. Venue is proper in this District under 28 U.S.C. 1391(b). The defendants reside in this judicial district and the events that are the basis of these claims occurred in this judicial district.

**PARTIES**

4. Plaintiff James Eberheart is an African American resident of Detroit, Michigan.

5. Defendants were, at the time of this incident, duly appointed Chicago police officers. Defendants were on duty and acting within the scope of their employment with the City of Chicago at the time of this incident.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. It is the employer and principal of the Defendant Police Officers.

**FACTS**

7. On April 1, 2017, Plaintiff James Eberheart was participating in a community cleanup event in the Englewood neighborhood on the South Side of Chicago.

8. The event was organized by New Era, an intergenerational organization of Black people committed to the unity, empowerment and self-sustainability of the Black community.

9. On the date of this event, Plaintiff Eberheart was a member of the Detroit chapter of New Era and was in a leadership position within the organization.

10. The event began at approximately 1:00 p.m., when dozens of individuals gathered at the intersection of 63rd St. and Ashland, in Chicago, Illinois.

11. The purpose of the event was to improve the neighborhood by cleaning up garbage in the area, while simultaneously demonstrating a message that Black people must support one another and take proactive action in order to improve the Black community.

12. Shortly after gathering, the group left the intersection of 63rd St. and Ashland and proceeded through the Englewood neighborhood, with members of the group picking up trash and engaging with residents.

13. The group conveyed their messages by distributing literature and engaging in one-on-one conversations with residents. Some individuals used megaphones to lead the rest of the group in chants, such as "Black Love! Black Unity!" and "All power to the people!"

14. Some members of New Era also waved flags with red, black and green stripes, which is a flag associated with the Black Liberation, Black Nationalist and Pan-African movements.

15. This gathering proceeded through the residential neighborhood for approximately three hours. At times, individuals would be walking through the street, while at other times they would be on the sidewalks.

16. A Sergeant with the Chicago Police Department followed and escorted the group during the community cleanup event.

17. For nearly three hours, this Sergeant escorted the event without giving any orders or directions for the group to disperse or exit the street, or otherwise convey that they were engaged in unlawful conduct. In fact, this Sergeant gave verbal support to members of New Era and even left his vehicle to assist the group in picking up trash.

18. At approximately 4:00 p.m., the group returned to the intersection of 63rd St. and Ashland. This is the location where the event began and the group was intending to disperse from that location.

19. At that time, additional members of the Chicago Police Department arrived at the intersection of 63rd and Ashland, including Michael Jetel, who held the rank of Sergeant at that time.

20. Sergeant Jetel, without lawful cause or provocation, began yelling and arguing with a number of individuals in the crowd, including an individual who he believed to be the group's leader.

21. The crowd continued to chant "Black Power!" and engage in other chants consistent with their message.

22. Shortly after 4:00 p.m., the gathering was on the sidewalk on the southeast corner of Ashland and 63rd St.

23. As Plaintiff Eberheart and other members of the group were standing on the sidewalk, Sergeant Jetel and other Chicago police officers aggressively charged into the crowd and began violently arresting members of New Era.

24. Defendant Officer Michael Martin and other Chicago police officers threw Plaintiff Eberheart to the ground.

25. While Plaintiff Eberheart was in a prone position on the ground, Defendant Martin punched him repeatedly in the back and about the body with closed fists and struck him in the back and about the body with knee strikes, causing him physical pain.

26. Defendant Officer S. Bosy and Defendant Officer L. Guajardo then took Plaintiff Eberheart into custody.

27. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

28. At no point did Plaintiff make any physical action to resist or attempt to defeat his arrest.

29. Plaintiff suffered physical injury and pain as a result of Defendant Martin's unnecessary and excessive use of force, requiring him to seek medical attention.

30. Plaintiff had a prior diagnosis of a herniated disc, which was exacerbated by the unnecessary and excessive use of force by Defendant Martin.

31. Plaintiff was handcuffed, placed in a Chicago police vehicle and transported to the 7th District Chicago Police Station, where he was held in police custody for over eight hours before being released in the early morning hours of April 2, 2017.

32. Defendant Guajardo signed two criminal complaints falsely charging Plaintiff with Chicago Municipal Code violations of resisting a police officer and obstruction of traffic. Defendant Bosy signed a criminal complaint falsely charging Plaintiff with one state law count of resisting or obstructing a peace officer.

33. Plaintiff faced these false charges for nearly eight months, requiring him to attend multiple court dates and to retain an attorney.

34. On November 28, 2017, all charges were dismissed and the case was terminated in Plaintiff Eberheart's favor.

## COUNT I
### 42 U.S.C. § 1983 Claim for Excessive Force

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

36. Defendant Martin violated Plaintiff Eberheart's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive and unreasonable force by striking plaintiff repeatedly about the body with his knee and closed fists.

37. The unconstitutional actions of Defendant Martin were the direct and proximate cause of Plaintiff's physical injuries, pain and suffering, mental anguish and humiliation, and loss of personal freedom.

WHEREFORE, Plaintiff Eberheart demands substantial actual or compensatory damages against Defendants Martin, because he acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 Claim for False Arrest and Unlawful Detention

38. Plaintiff repeats and realleges the foregoing paragraphs 1-34 as if fully set forth herein.

39. Defendants Martin, Bosy and Guajardo, acting individually, jointly, and/or in conspiracy, proximately and directly caused Plaintiff to be arrested without probable cause, thereby violating Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to due process of law.

40. The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

WHEREFORE, Plaintiff Eberheart demands substantial actual or compensatory damages against Defendants Martin, Bosy and Guajardo, because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

### COUNT III
### 42 U.S.C. § 1983 Claim for Violation of his First Amendment Rights to Freedom of Speech and Assembly

41. Plaintiff repeats and realleges the foregoing paragraphs 1-34 as if fully set forth herein.

42. Plaintiff was participating in lawful, constitutionally protected activity on the public streets and sidewalks of the City of Chicago.

43. The actions of Defendants Martin, Bosy and Guajardo, described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising his rights and suffered retaliation for having exercised his rights.

WHEREFORE, Plaintiff Eberheart demands substantial actual or compensatory damages against Defendants Martin, Bosy and Guajardo and because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT IV
### State Law Claim for Malicious Prosecution

44. Plaintiff repeats and realleges the foregoing paragraphs 1-34 as if fully set forth herein.

45. Defendants Martin, Bosy and Guajardo, individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

46. The prosecution of Plaintiff terminated in his favor.

47. The Defendant Officers' actions were committed in a willful and wanton manner.

48. The Defendants' actions directly and proximately caused injury and damage as set forth above.

WHEREFORE, Plaintiff Eberheart demands substantial actual or compensatory damages against Defendants Martin, Bosy and Guajardo, and because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT V
### State Law Claim for Intentional Infliction of Emotional Distress

49. Plaintiff repeats and realleges the foregoing paragraphs 1-34 and 44-48 as if fully set forth herein.

50. The conduct and actions of Defendants set forth above, were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

51. As a direct and proximate cause of the extreme and outrageous conduct of Defendants Martin, Bosy and Guajardo, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

WHEREFORE, Plaintiff Eberheart demands substantial actual or compensatory damages against Defendants Martin, Bosy and Guajardo, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT VI
### State Law *Respondeat Superior* Claim

52. Plaintiff repeats and realleges the foregoing paragraphs 1-34 and 44-51 as if fully set forth herein.

53. Defendants Martin, Bosy and Guajardo, were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant City under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff Eberheart demands judgment against the City of Chicago for any and all compensatory damages awarded on his state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

54. Plaintiff repeats and realleges the foregoing paragraphs 1-53 as if fully set forth herein.

55. The Defendant Officers committed the acts alleged above under color of law and in the scope of employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, and otherwise pursuant to law, Plaintiff Eberheart demands judgment against Defendant City of Chicago in the amount awarded to the Plaintiff against any and all Defendants as compensatory damages, attorney's fees, costs and interest, and for whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: November 27, 2018

Respectfully Submitted,

 /s/ Brad Thomson
Brad Thomson
Joey L. Mogul
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070